IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDWIND JACKSON, § | | |
| Plaintiff, | | |
| | | |
| V. § | | CIVIL ACTION NO. 4:19-cv-1326 |
| | | |
| NATIONWIDE CARS & TRUCKS, INC., | | |
| AUTO NATIONS, INC., d/b/a ANF AUTO | | |
| FINANCE and ALI ALKOFAHI, | | |
| Defendants. § | | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Edwind Jackson ("Plaintiff"), by Defendants Nationwide Cars & Trucks, Inc., Auto Nation, Inc., d/b/a ANF Auto Finance and Ali Alkofahi.

**Parties**

1. Plaintiff Edwind Jackson ("Jackson"), current employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2. Defendant Nationwide Cars & Trucks, Inc. ("Nationwide") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiff, Nationwide is subject to the provisions of the FLSA. Nationwide was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Nationwide may be served through its registered agent, Eman Kazali at 6002 Brookway Willow Dr., Spring, TX 77379, or wherever she may be found.

3. Defendant Auto Nation, Inc., d/b/a ANF Auto Finance ("ANF") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiff, ANF is subject to the provisions of the FLSA. ANF was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. ANF may be served through its registered agent, Ali Alkofahi, 6004 N. Shepherd Drive, Houston, Texas 77091.

4. Defendant Ali Alkofahi ("Alkofahi") is an individual who was also an "employer" of Jackson as that term is defined by the FLSA. With respect to Plaintiff, Alkofahi is subject to the provisions of the FLSA, operating an enterprise engaged in interstate commerce with gross annual revenues in excess of $500,000. Alkofahi was a person who determined and directly controlled the employee compensation policies of Nationwide Cars & Trucks, Inc. and ANF. Defendant Alkofahi may be served with process at 6004 North Shepherd Drive, Houston, Texas 77091 or wherever he may be found.

**Jurisdiction and Venue**

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

**Factual Allegations**

6. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendants

regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

8. At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business.

9. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas, and sold vehicles manufactures outside the State of Texas.

11. Plaintiff Edwind Jackson worked for Defendants as a lot manager from 2015 until March of 2019. Mr. Jackson's duties included, but were not limited to, washing vehicles, detailing vehicles inside and out, moving cars from front of the lot to the back, putting license plates on vehicles, greeting customers, cleaning inside and outside of lots, opening and closing the lots, taking customers to salesmen and arranging vehicles on lot to make sure they were all facing the same direction.

12. Jackson always worked for Defendants on a salary basis; that is, he was paid a set amount per week, with deductions if he missed a day of work. Jackson regularly worked well in excess of 40 hours per week, but was never paid any over time premium. Jackson regularly worked so many hours and was paid such a low salary that he was not even paid the federally mandated minimum hourly wage of $7.25,

13. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff was not an "exempt" employee.

14. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA. Defendants paid the Defendant such a low wage that there is no way they could have believed they were paying him properly.

15. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

16. Ali Alkofahi is an owner and/or control person of Nationwide and ANF and has the ability to affect the daily conditions of employment of the companies' employees. Alkofahi hired, fired and set pay policies and structures for employees. Alkofahi is thus an "employer" of Plaintiff under the terms and definitions of the FLSA, and is liable to Plaintiff for the damages sought herein.

### Plaintiff's Individual Allegations

17. As a non-exempt employee, Plaintiff was entitled to be paid at least the minimum wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Plaintiff the required minimum wage and overtime premium in nearly every workweek that the Plaintiff was employed by Defendants, as the Plaintiff worked in excess of 40 hours in almost every week he worked for the Defendants. Plaintiff was paid on a salary basis, but was not paid premium pay for hours worked over 40.

18. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants did not make a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

### CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

19. Based on the foregoing, Defendants violated the FLSA by failing to properly

compensate Plaintiff for work performed in the employ of the Defendants.

20. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

21. Defendants are liable to Plaintiff for unpaid minimum wage and overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury

22. Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid minimum wage and overtime wages at the applicable rate;
2. An equal amount to the unpaid wage damages as liquidated damages;
3. Judgment against Defendants that their violations of the FLSA were willful;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR PLAINTIFF EDWIND JACKSON**

5

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
EDWIND JACKSON**